ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-May-07  09:39:04
60CV-21-2858
C06D05 : 11 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**LORRAINE HATCHER, on behalf of herself
and all others in a class similarly situated**                    **PLAINTIFF**

### CASE NO. 60CV-21-

**vs.**

**DLP PROPERTY MANAGEMENT, LLC
d/b/a PROSPER RIVERDALE, CHERYL
CRAIG, and KAREN ROBERTSON**                    **DEFENDANTS**

### COMPLAINT

Plaintiff, Lorraine Hatcher, on behalf of herself and all others similarly situated,

brings her Complaint for damages based on the Arkansas Deceptive Trade Practices

Act, codified at Ark. Code Ann. §§4-88-107 *et seq.*, and states that:

### I.    PARTIES

1. Plaintiff is an individual residing in Little Rock, Arkansas, within Pulaski County.

2. Defendant, DLP Property Management, LLC, (hereinafter, "DLP"), is a

    corporation authorized to do business within the state of Arkansas with its

    principal place of business located in Little Rock, Arkansas.  Its agent for service

    of process is Karen Robertson at 20 Hunters Cove, Cabot, Arkansas 72023.

3. Based upon information and belief, Defendant Karen Robertson is a managing member or officer of DLP Property Management, LLC.

4. Upon information and belief, DLP is engaged in the business of leasing, managing, and maintaining real property, and own and manage the property located at 2100 Rebsamen Park Road, Little Rock, Arkansas 72202 (hereinafter "Property"), as well as Prosper Pleasant Valley, located at 1602 Green Mountain Drive, Little Rock, Arkansas 72211.

5. Defendants DLP and Karen Robertson have conducted business in Arkansas through entities the company owns, operates, and controls. Defendants have engaged in fraudulent, deceptive and unlawful acts in the state of Arkansas.

## II.    JURISDICTION

6. This Court has jurisdiction pursuant to Ark. Code Ann. §16-13-201(a). This Court also has jurisdiction pursuant to Rule 23 of the Arkansas Rules of Civ. P.

7. allegations set forth herein relevant to these causes of action occurred at all times in Little Rock, Arkansas.

8. Jurisdiction and venue are both proper in this Court.

9. The named Plaintiff and potential Class Members assert no federal question. The state law causes of action asserted herein are not federally pre-empted.

10. The named Plaintiff and potential Class Members assert that the amount in controversy will not exceed the sum or value of $4,999,999, including compensatory damages, restitution, interest, costs and attorney's fees. Plaintiff specifically waives any right to any amount in controversy which exceeds

$4,999,999, including compensatory damages, restitution, interest, costs and attorney's fees. The aggregate amount in controversy of the potential Class Members' claims does not and will not exceed $4,999,999.

### III.    INTRODUCTION

11. Plaintiff brings this action on behalf of herself and all other persons similarly situated. Plaintiff will fairly and adequately protect the interests of the potential class and is an adequate representative of the class of persons defined herein. Plaintiff is interested in the outcome of this lawsuit and understands the importance of adequately representing every potential member of the class described herein.

12. The proposed class is defined as all persons who paid utility fees ("Utility Fees") to Defendants and their agent for billing, ConService, from the date of filing this Complaint forward and for the immediately preceding five (5) years ("potential Class Period").

13. Defendants lease residential apartment homes at their properties located at 2100 Rebsamen Park Rd, Little Rock, Pulaski County, Arkansas, 72202, and 1602 Mountain Drive, Little Rock, Pulaski County, Arkansas, 72211.

14. Defendants' apartment homes include one-, two-, and three-bedroom units.

15. A lease agreement is required of a tenant of Defendants' apartment homes and may be of variable length.

16. The proposed class is defined as all persons who executed lease agreements of one month or longer from the date of filing this Complaint forward and for the

immediately preceding five (5) years prior to filing, including both former, and existing tenants.

17. On or about August 1, 2020, Plaintiff executed a Lease contract (hereinafter "Lease") for property located at 2100 Rebsamen Park Road, Little Rock, Arkansas 72202, Apartment 528, Pulaski County, Arkansas. The term of the lease was for thirteen months and was executed by Defendant's agent. Attached as Exhibit "A" is a true and correct copy of the aforesaid Agreement.

18. The number of tenants, both former and existing, who agreed to the lease terms illustrated in the Exhibit referenced in the preceding paragraph, is so numerous that it is impracticable to bring all before the Court within a reasonable time, and a class action is therefore superior to other methods for the fair and efficient adjudication of this controversy.

19. There are common questions of law and fact affecting the potential members of the class. Such common questions predominate over any questions affecting only individual potential class members. These questions include, but are not limited to: (1) Whether the Defendants engaged in a uniform practice of deferring billing for utilities, namely water and sewer to ConService; (2) Whether the rates charged for water and sewer were apportioned based on actual usage by the occupant(s) of each leased unit; (3) Whether the rate(s) charged each tenant exceeded the rate authorized for the same rate of consumption by the direct provider of water and sewer services, Central Arkansas Water (hereinafter, "CAW"); (4) Whether the of re-billing water and sewer services constitutes an unlawful practice of re-selling of

water and sewer services without metering the actual usage; (5) Whether Defendants' actions violate §4-88-107(a)(9) and (a)(10) of the Arkansas Deceptive Trade Practices Act; (6) Whether the charging of arbitrary amounts through a third-party billing agent, with an additional fee tacked on violated the Arkansas Deceptive Trade Practices Act; (7) by the way they handled and charged fees to every potential member of the class; and (8) whether, the uniform practice of imposing late fees constituted unlawful coercion and intimidation; (9) whether the uniform practice of threatening eviction on three (3) days' notice constituted unlawful coercion and intimidation.

20. Claims of the named Plaintiff are typical of the claims of other potential members of the class in that they all arise from Defendants' normal business practice of including the obligation for utility payments in each lease agreement, and deferring utility billing to their third-party vendor, ConService without notice to the tenant as to the manner for determining, and the amount, to be billed for utility services.

21. Proceeding as a Class Action is superior to individual cases. Although the aggregate damages sustained by the potential Class are significant, the individual damages incurred by each potential Class Member are too small to warrant the expense of individual lawsuits.

IV.    ALLEGATIONS

22. Plaintiff is the sole occupant of her apartment home, a three bedroom, two bath unit.

23. Rent for the unit is $933 monthly, due on the first of every month, and collected by Defendant through its electronic online payment portal.

24. A term of the Lease requires Plaintiff, as tenant, to pay for utilities, including electricity, gas, water, and sewage.  Utility charges for electricity and gas are separately metered and billed to Plaintiff directly by Entergy (Arkansas), and Centerpoint Energy, respectively.

25. ConService, a utility billing agent for Defendant bills Plaintiff separately for the remaining utilities.

26. ConService generates a monthly statement that is mailed to Plaintiff coinciding with when rent is due on or before the first of each month.

27. Since on or about September 2020, ConService has sent Plaintiff a bill for $93 each and every month.  The statement itemizes charges as follows: pest control - $3.00; sewer - $62.04; trash 5 - $7.00; water - $17.96; and a service fee - $3.00.  From month to month, the only variable in the billing statement are the amounts charged for sewer and water, but the aggregate total charged remains exactly $93 (somewhat coincidentally, ten percent (10%) of my rent.

28. Upon information and belief, there are no separate meters for each apartment unit to record actual usage for water or sewage.

29. Upon information and belief, water is provided by Central Arkansas Water.  CAW is responsible for water mains in and for the City of Little Rock, and connects the properties herein described to its water and sewer lines.

30. CAW is a regulated direct provider of water and sewer services to Defendant. CAW determines the manner, means, and rates applicable to the provision of its services to Defendant, and is held to regulatory standards of quality and pricing.

31. CAW bills Defendant for water and sewer services provided to its property based on monthly meter readings that reflect actual usage.

32. Upon information and belief, CAW does not contract separately with Defendant to resell its water or sewer services to individual units or customers other than DLP at the property addresses listed herein.

33. The manner, means, quality, and or rate for water provided to the property addresses listed herein is within the sole purview of CAW.

34. Defendant imposes arbitrary amounts on Plaintiff for water and sewer utilities. The amounts charged do not correlate to the amount actually consumed. The frequency and existence of water outages and poor maintenance become Plaintiff's cross to bear with no recourse to CAW, the water and sewer system provider.

35. The practice of arbitrarily assessing water and sewer rates was not disclosed to Plaintiff at the time the lease was executed.

36. The calculus for determining the amount to bill Plaintiff for water and sewer services was not disclosed to Plaintiff at the time the lease was executed.

37. Each monthly billing generated by ConService and sent to Plaintiff by U.S. Mail constitutes a fraudulent misrepresentation of the actual cost of the services enumerated on the statement.

38. Water and sewer charges as imposed by Defendant are *per se* fraudulent, deceptive, and unreasonable.

39. Water service outages are not abated in monthly billing statements, nor are there adjustments to the cost for sewer services.

40. Defendant has conspired with other landlords/property managers to perpetrate this fraud on rental housing consumers.

41. Defendant maintains a practice of serving tenants with unlawful detainer, and/or three-day (3) notice to quit for failure to pay the utility charges they unilaterally and arbitrarily assess.

42. Defendants' practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(1) in that Defendant knowingly makes false representations regarding the water usage and the cost of providing the service.

43. Defendant's practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(2) in that Defendants conceal, suppress, or omit a material fact or facts concerning how the rate billed to Plaintiff is apportioned or calculated.

44. Defendant's practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(10) in that Defendants commit any other unconscionable, false, or deceptive act, such as failing to disclose that it makes money off Plaintiff by reselling water and sewer services above that which is established by regulation or law imposed on CAW.

45. Defendants assess a late fee in the amount of $100 for any month in which the water, sewer and other charges billed by ConService are not paid by Plaintiff.

46. The imposition of the late fee referenced in the preceding paragraph, creates a delinquency and adverse rating on the overall tenancy of Plaintiff.

47. Plaintiff is denied a satisfactory rating to prospective creditors based on a delinquent status of utility payments to ConService and/or Defendants.

48. Upon information and belief, there are numerous tenants, both former and current, who have been harmed by the practices herein described.

49. Questions of law and fact are common to the class of tenants, both former and current, who have been harmed by the practices herein described committed by Defendants.

50. Upon information and belief, Defendants own more than one property, other than that described herein, and subjected to tenants, both former and current, to this deceptive, fraudulent, and unlawful practice.

51. Defendants have conspired with other rental property owners to uniformly, and systematically engage in the practices described herein for the purpose of remaining competitive, unjustly enriching themselves, and harming the class of tenants, both former and current.

52. Plaintiff, on behalf of herself and those similarly situated seeks an Order certifying this cause of action as a class action.

WHEREFORE, Plaintiff, Lorraine Hatcher, herself, and on behalf of all others similarly situated, prays this Court certify this cause as a class action; award actual damages in an amount to be proved at trial; award punitive damages as provided for by statute; for any and all other compensatory damages

to be determined by this court; pre- and post-judgment interest at the prevailing rate; reasonable attorney's fees and costs; and all other just and equitable relief to which Plaintiff, and on behalf of all others similarly situated, may be entitled.

Respectfully submitted,

BY:_____
LORRAINE HATCHER, Attorney at Law,
AR SUP CT # 2003-009
Plaintiff, and on behalf of all others similarly situated
P.O. Box 21294
Little Rock, AR 72221
Phone: (501) 681-2402
e-mail: lorrainehatcher@yahoo.com