IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
ARKANSAS
CENTRAL DIVISION

LORRAINE HATCHER, on behalf of herself
and all others in a class similarly situated                    PLAINTIFFS

CASE NO. 4:21-CV-00520-BRW

vs.

DLP PROPERTY MANAGEMENT, LLC
d/b/a PROSPER RIVERDALE and d/b/a
PROSPER PLEASANT VALLEY, PROSPER
RIVERDALE, CHERYL CRAIG, DON WENNER,
ROBERT PETERSON, EBONY JOSHUA,
CITY OF LITTLE ROCK, CENTRAL
ARKANSAS WATER, and CONSERVICE                    DEFENDANTS

THIRD AMENDED COMPLAINT

Plaintiff files this Third Amended Complaint to add defendants: City of Little

Rock, Central Arkansas Water, and ConService and to include information as to their

respective relationship to this action.

Plaintiff, Lorraine Hatcher, on behalf of herself and all others similarly situated,

brought her Complaint initially in Pulaski County Circuit Court, as Case No. 60CV-

21-2858.  Certain of previously named and served defendants removed the action to

the United State District Court for the Eastern District of Arkansas, Central Division,

now as Case No. 4:21-cv-00520.  Plaintiff brings her Complaint for damages based on **fraudulent misrepresentation, constructive fraud, breach of contract, unjust enrichment**, and the Arkansas Deceptive Trade Practices Act, codified at Ark. Code Ann. §§4-88-107 *et seq.*, and states that:

## I.    PARTIES

1. Plaintiff is an individual residing in Little Rock, Arkansas, within Pulaski County.

2. Defendant, DLP Property Management, LLC, is a corporation authorized to do business within the state of Arkansas with its principal place of business located in Little Rock, Arkansas.  Its agent for service of process is Karen Robertson at 20 Hunters Cove, Cabot, Arkansas 72023.  **Upon information and belief, DLP Property Management, LLC was confused by name similarity with the out of state corporation that failed to register with the Arkansas Secretary of State and be licensed/authorized to do business in Arkansas and bears no relation to the acts or omissions complained of herein.**

3. Based upon information and belief, Defendant Karen Robertson is a managing member or officer of DLP Property Management, LLC, (hereinafter, "DLP").  **Ms. Robertson has no relationship to the acts/omissions complained of herein in her capacity as member or officer of DLP Proper Management, LLC, and was confused with the real party in interest named below.**

4. Defendant DLP Real Estate Management, LLC is a Florida limited liability corporation, licensed under document number L18000278251 as of December 3, 2018.  Its principal place of business is located at 605 Palencia Club Drive, Saint

Augustine, FL 32095**. Upon information and belief, DLP Real Estate Management, LLC, is neither licensed, nor authorized to do business within the state of Arkansas and has no known agent for service of process within the state.**

5.  Defendant Don Wenner, is President and CEO of Defendant DLP Real Estate Management, LLC.  **Upon information and belief, Mr. Wenner lives in the state of Florida, and manages and/or controls the operation of two properties located in Arkansas, both the subjects of this lawsuit: Prosper Riverdale, and Prosper Pleasant Valley, through his agents and/or employees of DLP Real Estate Management, LLC.**

6.  DLP Real Estate Management, LLC lists Barry W. DeGroot as its registered agent for service of process at 605 Palencia Club Drive, Saint Augustine, FL 32095.

**7.**  DLP Real Estate Management, LLC, is not licensed or registered to do business in the state of Arkansas pursuant to records maintained by the Arkansas Secretary of State's office as of the date of this filing, **nor is Barry DeGroot an authorized agent within Arkansas for service of process.**

**8.**  Upon information and belief, Ebony Joshua is a manager, employed by, and authorized to bring suit on behalf of, DLP Real Estate Management, LLC, hereinafter, "DLP REM, LLC" to enforce property rights, including, but not limited to unlawful detainer and/or eviction**, and to collect monies owed.**

9.  On six occasions, Ebony Joshua represented herself **in court documents** as "owner" of apartment units in properties owned and managed by DLP REM, LLC in legal pleadings filed in Pulaski County Circuit Court as 60CV-20-7150, on

December 16, 2020; 60CV-20-7163, on December 16, 2020; 60CV-20-6277, on November 6, 2020; 60CV-20-6275, on November 6, 2020; 60CV-20-6263, on November 5, 2020; and 60CV-20-6092, on November 2, 2020.

10. On each of the occasions listed in the preceding paragraph, Prosper Riverdale was listed as Plaintiff, a domestic limited liability company.

**11.** Defendant Prosper Riverdale is not licensed or registered to do business in the state of Arkansas as a domestic limited liability company or any other business entity pursuant to records maintained by the Arkansas Secretary of State's office as of the date of this filing.

12. Defendant Prosper Riverdale **and Prosper Pleasant Valley are** listed on Defendant DLP Real Estate Management, LLC's website as **two** of the latter's properties**,** located in Little Rock, Pulaski County, Arkansas.

**13.** Upon information and belief, Cheryl Craig is a manager or employee authorized to issue eviction notices on behalf of Defendant DLP REM, LLC and/or Defendant Prosper Riverdale. **She has been responsible for determining to whom of Defendants tenants to issue such notices for unpaid and/or delinquent charges for rent, water, sewer, service, and other miscellaneous charges.**

14. Upon information and belief, DLP REM, LLC is engaged in the business of leasing, managing, and maintaining real property, and it owns and manages the property located at 2100 Rebsamen Park Road, Little Rock, Arkansas 72202 (hereinafter "Property"), as well as Prosper Pleasant Valley, located at 1602 Green Mountain Drive, Little Rock, Arkansas 72211.

15. The City of Little Rock is a municipal corporation authorized by the Arkansas State Legislature to regulate provision of water and sewer services in and for the City of Little Rock pursuant to Ark. Code Ann. §14-234-101, *et seq*.  Its agent for service of process is Bruce Moore, City Manager, whose office is located at 500 W. Markham, Little Rock, AR 72201.

16. Central Arkansas Water, through its Board of Commissioners was created by Ark. Code Ann. § 25-20-301 and Little Rock City Code 35-26. Seven (7) members serve seven (7)-year terms as Commissioners and have full and complete authority to manage, operate, improve, extend and maintain the water works and distribution system for the city of Little Rock The also have full and complete charge of the water plan.  Their agent for service of process is David E. Johnson, whose address is 221 E. Capitol Avenue, Little Rock, AR 72203.

17. ConService is a billing conduit for charges passed to it by Defendant DLP REM, LLC.  They send monthly statements to all tenants of Defendant DLP REM, LLC's two Little Rock properties.  Their registered agent for service of process is Quest Research located at 300 South Spring Street, Suite 900, Little Rock, AR 72201.

18. DLP REM, LLC; DLP REM, LLC d/b/a Prosper Riverdale, and d/b/a Prosper Pleasant Valley; Prosper Riverdale; Don Wenner; Cheryl Craig; and Ebony Joshua; have engaged in conduct and/or have conducted business in Arkansas through entities DLP REM, LLC owns, operates, and controls.

## II.    JURISDICTION

19. Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity of citizenship among the litigants." *One Point Solutions, LLC v. Borchert*, 487 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.* The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of each of its members. *Id. Long v. Wilson & Assocs. PLLC* (E.D. Ark. 2011).

20. This Court lacks jurisdiction because Defendants Ebony Joshua, City of Little Rock, Central Arkansas Water, and ConService are all Arkansas citizens, as is Plaintiff.

21. Allegations set forth herein relevant to these causes of action occurred at all times in Little Rock, Arkansas.

22. Jurisdiction and venue are both proper in **Pulaski County Circuit** Court.

23. The named Plaintiff and potential Class Members assert no federal question.  The state law causes of action asserted herein are not federally pre-empted.

24. **Complete diversity among the parties does not exist, and jurisdiction in US District Court, pursuant to 28 U.S.C. §1332 is not availing.**

25. The named Plaintiff and potential Class Members assert that the amount in controversy will not exceed the sum or value of $4,999,999, including compensatory damages, restitution, interest, costs and attorney's fees.  Plaintiff

specifically waives any right to any amount in controversy which exceeds $4,999,999, including compensatory damages, restitution, interest, costs and attorney's fees. The aggregate amount in controversy of the potential Class Members' claims does not and will not exceed $4,999,999.

26. **Defendants are engaging, and have engaged, in fraudulent, deceptive and unlawful acts in the state of Arkansas as detailed below**.

## III.    INTRODUCTION

27. Plaintiff brings this action on behalf of herself and all other persons similarly situated. Plaintiff will fairly and adequately protect the interests of the potential class and is an adequate representative of the class of persons defined herein. Plaintiff is interested in the outcome of this lawsuit and understands the importance of adequately representing every potential member of the class described herein.

28. **The proposed class is defined as all tenants who are provided water service to their leasehold from Defendant DLP, REM, LLC. Defendant DLP, REM, LLC receives the water it supplies its tenants from the City of Little Rock and Central Arkansas Water. DLP, REM, LLC properties have a master meter for measuring water usage for its properties and apportions the amount to be paid by its tenants through a system known as Ratio Utility Billing, or, "RUB."**

29. **DLP, REM, LLC passes along the master metered water charges to its tenants through Defendant ConService. Upon information and belief, ConService does not establish the amount for each tenant to pay, does not meter or measure usage in any way, and passes along a water and sewage charge that is not an accurate measurement of each respective tenant's actual use. ConService charges each tenant a fee for their billing. ConService either collects the billed amount directly from each tenant, or the tenant pays the billed sum directly to DLP, REM, LLC.**

30. The metering and billing practices described in the preceding paragraph have existed from the date of filing this Complaint to the present day, and for the immediately preceding five (5) years ("potential Class Period").

31. **Potential class members are harmed by this practice in that DLP, REM, LLC does not disclose the method or means through which it determines the amount a tenant is required to pay for water or sewer services, unjustly enriches itself by concealing overpayments, fraudulent induces tenants to participate in the billing scheme by conspiring with all defendants to engage in RUB, breaches contractual obligations to provide water, bill accurately for its use, and deny service when and if it chooses to with little or no advance warning of the deprivation**.

32. **Tenants are further harmed by the deceptive, fraudulent, and unlawful practices complained of herein in that**: tenants are subject to excessive billing, excess usage measured on the master meter due to negligence and/or mismanagement

**poor or non-existent facility maintenance, unlawful detainer actions, eviction, adverse credit reports, late fees and other excess charges.**

33. Defendants lease residential apartment homes at their properties located at 2100 Rebsamen Park Rd, Little Rock, Pulaski County, Arkansas, 72202, and 1602 Mountain Drive, Little Rock, Pulaski County, Arkansas, 72211.

34. Defendants' apartment homes include one-, two-, and three-bedroom units, some of which are equipped for washing machines, and dryers. **The RUB system employed by defendants makes no distinction among tenants for variable that contribute to more or less water consumption or sewer service.**

35. **Defendants make no adjustment for interruptions in service, and they have been numerous.**

36. Units are equipped with separate meters for electrical and gas services. These meters are read each month by the respective provider of the service, and each tenant is billed monthly according to his or her actual usage.

37. A lease agreement is required of a tenant of Defendants' apartment homes and may be of variable length. **The lease agreement is a contract that defines the terms and conditions of occupancy. In each instance, the terms and conditions of water and sewer service have been omitted.**

38. The proposed class is defined as all persons who executed lease agreements of one month or longer from the date of filing this Complaint forward and for the immediately preceding five (5) years prior to filing, including both former, and existing tenants.

39. On or about August 1, 2020, Plaintiff executed a Lease contract (hereinafter "Lease") for property located at 2100 Rebsamen Park Road, Little Rock, Arkansas 72202, Apartment 528, Pulaski County, Arkansas. The term of the lease was for thirteen months and was executed by Defendant **DLP, REM, LLC's** agent. Attached as Exhibit "A" is a true and correct copy of the aforesaid Agreement.

40. The number of tenants, both former and existing, who agreed to the lease terms illustrated in the Exhibit referenced in the preceding paragraph, is so numerous that it is impracticable to bring all before the Court within a reasonable time, and a class action is therefore superior to other methods for the fair and efficient adjudication of this controversy.

41. There are common questions of law and fact affecting the potential members of the class. Such common questions predominate over any questions affecting only individual potential class members. These questions include, but are not limited to: (1) Whether the Defendants engage in a uniform practice of deferring billing for utilities, namely water and sewer to ConService; (2) Whether the rates charged for water and sewer are apportioned based on actual usage by the occupant(s) of each leased unit; (3) Whether the rate(s) charged each tenant exceeds the rate authorized for the same rate of consumption by the direct provider of water and sewer services, City of Little Rock, Central Arkansas Water (hereinafter, "CAW"), and its Commission, and; (4) Whether the re-billing of water and sewer services constitutes an unlawful practice of re-selling of water and sewer services without metering the actual usage by a non-utility provider; (5) Whether Defendants'

actions   violate §4-88-107(a)(9) and (a)(10) of the Arkansas Deceptive Trade Practices Act; (6) Whether the charging of arbitrary amounts through a third-party billing agent, with an additional fee tacked on violates  the Arkansas Deceptive Trade Practices Act; (7) Whether the means or method of determining allocated charges constitutes an arbitrary, capricious and/or discriminatory practice; (8) Whether the non-disclosure of these practices violates the terms and conditions of the lease agreement; (9) Whether, the uniform practice of imposing late fees constitutes unlawful coercion and intimidation; (10) whether the uniform practice of threatening eviction on three (3) days' notice constitutes unlawful coercion and intimidation; and whether defendants have engaged in a civil conspiracy is to accomplish a purpose that is unlawful, or oppressive, or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, but by unlawful, oppressive, or immoral means through the acts and/omissions described herein.

42. Claims of the named Plaintiff are typical of the claims of other potential members of the class in that they all arise from Defendants' normal business practice of including the obligation for utility payments in each lease agreement, and deferring utility billing to their third-party vendor, ConService without notice to the tenant as to the manner for determining, and the amount, to be billed for utility services.

43. Proceeding as a Class Action is superior to individual cases.  Although the aggregate damages sustained by the potential Class are significant, the individual

damages incurred by each potential Class Member are too small to warrant the expense of individual lawsuits.

## IV.    CAUSE OF ACTION: BREACH OF CONTRACT

44. Each plaintiff executed a lease for an apartment from **DLP, REM, LLC.**

45. Plaintiff executed a lease and is the sole occupant of her apartment home, a three bedroom, two bath unit.

46. Rent for the unit is $933 monthly, due on the first of every month, and collected by Defendant through its electronic online payment portal.

47. A term of the Lease requires Plaintiff, as tenant, to pay for utilities, including electricity, gas, water, and sewage.  Utility charges for electricity and gas are separately metered and billed to Plaintiffs directly by Entergy (Arkansas), and Centerpoint Energy, respectively.

48. ConService, a utility billing agent for Defendant **DLP, REM, LLC** bills Plaintiffs separately for the remaining utilities.

49. ConService generates a monthly statement that is mailed to Plaintiffs coinciding with when rent is due on or before the first of each month.

50. Since on or about September 2020, ConService has sent Plaintiff a bill for $93 each and every month.  The statement itemizes charges as follows: pest control - $3.00; sewer - $62.04; trash 5 - $7.00; water - $17.96; and a service fee - $3.00.  From month to month, the only variable in the billing statement are the amounts charged for sewer and water, but the aggregate total charged remains exactly $93.

51. Upon information and belief, there are no separate meters for each apartment unit to record actual usage for water or sewage.

52. **The lease agreement contains no terms defining the manner and means of measuring water or sewer usage**.

53. **The contract, nee, lease agreement should be construed against the drafter**, **DLP, REM, LLC**.

54. **There are no contract terms that specify a unilateral charge of $100 for not paying the excess water fees or late payment on unconscionable fees charged**.

55. **Defendants contracted to provide water service, and on no less than twelve (12) occasions in the past eight months, DLP, REM, LLC terminated water service on short notice to each tenant**.

### V.    CAUSE OF ACTION: UNJUST ENRICHMENT

56. Upon information and belief, water is provided by Central Arkansas Water.  CAW and the Central Arkansas Water Commission , ("CAWC") are responsible for water mains in and for the City of Little Rock, and connect the properties herein described to its water and sewer lines.

57. CAW **and  CAWC** are regulated direct providers of water and sewer services to Defendant.   CAW **through CAWC** determine the manner, means, and rates applicable to the provision of its services to Defendant **DLP, REM, LLC**, and is held to regulatory standards of quality and pricing.

58. CAW bills Defendant **DLP, REM, LLC** for water and sewer services provided to its property based on monthly **master** meter readings that reflect actual usage.

59. Upon information and belief, CAW does not contract separately with Defendant **DLP, REM, LLC** to resell its water or sewer services to individual units or customers other than **DLP, REM, LLC** at the property addresses listed herein.

60. The manner, means, quality, and or rate for water provided to the property addresses listed herein is within the sole purview of CAW and CAWC.

61. Defendant imposes arbitrary amounts on Plaintiff for water and sewer utilities. The amounts charged do not correlate to the amount actual consumption. The frequency and existence of water outages and poor maintenance become Plaintiff's cross to bear with no recourse to CAW, the water and sewer system provider.

62. The practice of arbitrarily assessing water and sewer rates was not disclosed to Plaintiff at the time the lease was executed, nor are such terms otherwise itemized in the lease.

63. The calculus for determining the amount to bill Plaintiff for water and sewer services was not disclosed to Plaintiff at the time the lease was executed; spaces for that information were left blank by Defendant **DLP, REM, LLC**.

64. All billing excesses inure to the benefit of Defendant **DLP, REM, LLC.**

## VI.    CAUSE OF ACTION: ARKANSAS DECEPTIVE TRADE PRACTICES ACT ("ADTPA") and CONSTRUCTIVE FRAUD

65. Each monthly billing generated by ConService and sent to Plaintiff by U.S. Mail constitutes a fraudulent misrepresentation of the actual cost of the services enumerated on the statement.

66. Water and sewer charges as imposed by Defendant are *per se* fraudulent, deceptive, and unreasonable since there is no corollary linking the amount charged with any approximation of, or actual use.

67. Water service outages are not abated in monthly billing statements, nor are there adjustments to the cost for sewer services.  During the 'snow-pocalypse', water pipes froze and water gushed into the streets for several days before the breach was repaired.  The amount billed to Plaintiff and all other tenants did not change to reflect the waste.

68. For the first time in almost one year, on June 25, 2021, water was not flowing down the street unchecked from Defendant **DLP, REM, LLC's Prosper Riverdale property.  Water service had been discontinued for the day to all tenants, ostensibly, for water repairs.**

69. Defendant **DLP, REM, LLC** maintains a practice of serving tenants with unlawful detainer, and/or three-day (3) notice to quit for failure to pay the utility charges they unilaterally and arbitrarily assess.

70. Defendants' practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(1) in that Defendant knowingly makes false representations regarding the water usage and the cost of providing the service.

71. Defendant's practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(2) in that Defendants conceal, suppress, or omit a material fact or facts concerning how the rate billed to Plaintiff is apportioned or calculated.

72. Defendant's practice of re-selling CAW's water and sewer services violate the ADTPA §4-88-107(a)(10) in that Defendants commit any other unconscionable, false, or deceptive act, such as failing to disclose that it makes money off Plaintiffs by reselling water and sewer services above that which is established by regulation or law imposed on CAW and CAWC and passed on to its direct customers.

73. Defendants **DLP, REM, LLC** assess a late fee in the amount of $100 for any month in which the water, sewer and other charges billed by ConService are not paid by Plaintiffs.

74. The imposition of the late fee referenced in the preceding paragraph, creates a delinquency and adverse rating on the overall tenancy of Plaintiffs.

75. Plaintiff is denied a satisfactory rating to prospective creditors and subsequent landlords based on a delinquent status of utility payments to ConService and/or Defendant **DLP, REM, LLC**.

76. Upon information and belief, Defendants own more than one property, other than that described herein, and subjected to tenants, both former and current, to this deceptive, fraudulent, and unlawful practice.

77. Upon information and belief, there are numerous tenants, both former and current, who have been harmed by the practices herein described.

78. Questions of law and fact are common to the class of tenants, both former and current, who have been harmed by the practices herein described committed by Defendants.

## VII.   CIVIL CONSPIRACY

79. Little Rock City Code requires a separate computation for each customer (customer being defined as any landowner, lessee, or tenant whose buildings or premises are connected with and use the sewer system or otherwise discharge sanitary sewage, industrial waste, water or other approved wastewater sources, either directly or indirectly into the sewerage system) a monthly bill for each class of customer.  The Little Rock City Code, 35-151-(a).  These defendants violate this code by their failure to generate a separate computation for each tenant.

80. Defendants have conspired with other rental property owners to uniformly, and systematically engage in the practices described herein for the purpose of remaining competitive, unjustly enriching themselves, and harming the class of tenants, both former and current.

81. Defendants have conspired with other landlords/property managers to perpetrate this fraudulent billing scheme on rental housing consumers.

82. Defendants have conspired with other landlords/property managers to perpetrate a RUB billing scheme on rental housing consumers to avoid the accountability of sub-metering for actual billing charges attributable to each consumer.

83. Defendants have engaged in a civil conspiracy, a combination of two or more persons to accomplish a purpose that is unlawful, or oppressive, or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, but by unlawful, oppressive, or immoral means, by controlling the delivery system of water through a master meter, not disclosing the quantity, quality, cost, and amount of

usage, and utilizing an arbitrary and capricious scheme for assessing cost to tenants.

## VIII.   CLASS ACTION

84. Upon information and belief, there are numerous tenants, both former and current, who have been harmed by the practices herein described.

85. Questions of law and fact are common to the class of tenants, both former and current, who have been harmed by the practices herein described committed by Defendants.

86. Plaintiff, on behalf of herself and those similarly situated seeks an Order certifying this cause of action as a class action.

WHEREFORE, Plaintiff, Lorraine Hatcher, herself, and on behalf of all others similarly situated, prays this Court certify this cause as a class action; award actual damages in an amount to be proved at trial; award punitive damages to be determined by this court; pre-and post-judgment interest at the prevailing rate; reasonable attorney's fees and costs; and all other just and equitable relief to which Plaintiff, and on behalf of all others similarly situated, may be entitled.

A jury trial is requested.

Respectfully submitted,

BY:_____
LORRAINE HATCHER, Attorney at Law,
AR SUP CT # 2003-009

Plaintiff, and on behalf of all others similarly situated
P.O. Box 21294
Little Rock, AR 72221

Phone: (501) 681-2402
e-mail: lorrainehatcher@yahoo.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a copy of the foregoing has been filed on the date stamped above through ECF/CM, the US District Court's electronic filing system sufficient to provide notice to all counsel of record herein.  All other parties will be served through personal service or registered mail

BY:__/s/ Lorraine Hatcher
LORRAINE HATCHER, AR Sup Ct # 2003-009
Attorney for Plaintiff

**EXHIBIT A**